| | |
|---|---|
| LOUREECE STONE CLARK,<br><br>Petitioner,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>Respondents. | No. 2:19-cv-2014 KJM KJN P<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Introduction

Petitioner is a state prisoner, proceeding without counsel. On September 17, 2019, petitioner filed a petition for writ of mandate directed to the Court of Appeals for the Ninth Circuit, but filed in the Northern District of California, and transferred to the Eastern District of California. Petitioner claims to seek relief under 18 U.S.C. § 3771, and names as respondents both the California Department of Corrections and Rehabilitation, and the Superior Court for the County of Sacramento. (ECF No. 1 at 1.)

As discussed below, the petition should be dismissed for lack of jurisdiction.

Request for In Forma Pauperis Status

Petitioner seeks leave to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

1

The Petition

Petitioner seeks a writ of mandate directed to the respondent court, alleging a violation of crime victims' rights under 18 U.S.C. § 3771. (ECF No. 1 at 1.) Petitioner claims that on September 17, 2018, and November 20, 2018, petitioner filed a petition for re-designation of sentence and affidavit of truth. He states that on December 21, 2018, May 24, 2019, and June 3, 2019, respondent ignored petitioner's requests. Petitioner requests an "emergency order" releasing his "body within 72 hours to the National Association of Civilian Chapter pursuant to 18 U.S.C. § 3771 in compliance without prejudice UCC 1-308." (ECF No. 1 at 3.) In the accompanying memorandum of points and authorities, petitioner relies on California Code of Civil Procedure §§ 1085 and 1086, as well as various other cases filed in California courts. (ECF No. 1 at 4.)

Background

In Sacramento County Superior Court, Case No. 09F06018, a jury found petitioner guilty of misdemeanor resisting arrest, deadlocked on the remaining counts, and the court declared a mistrial as to the remaining felony counts. Clark v. Lewis, No. 12-cv-2687 TLN GGH (E.D. Cal. Apr. 25, 2014 Findings and Recommendations) (ECF No. 32 at 2).[1] Subsequently, petitioner pled no contest to two counts of second degree robbery and one count of evading a police officer, and on July 15, 2011, was sentenced to six years in state prison. Id. (ECF No. 32 at 3).

Petitioner filed a federal petition for writ of habeas corpus challenging the 2011 conviction, which was denied on the merits on August 5, 2014. Clark v. Lewis, No. 12-cv-2687 TLN GGH (E.D. Cal.).

On February 16, 2018, in Sacramento County Superior Court Case No. 17FE001757, a jury found petitioner guilty of evading a police officer/reckless driving (ECF No. 1 at 24-25), and petitioner was sentenced to a prison term of six years. Clark v. California Department of Corrections and Rehabilitation, No. 2:18-cv-2948 JAM AC (E.D. Cal.) (ECF No. 1 at 11 (abstract

---

[1] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

of judgment).)

Subsequently, petitioner filed both a petition for writ of habeas corpus and a petition for writ of mandate under the All Writs Act, 28 U.S.C. § 1651. Clark, No. 2:18-cv-2948 JAM AC. On June 19, 2019, the district court dismissed the case for lack of jurisdiction. Id.

On December 21, 2018, the Sacramento County Superior Court denied petitioner's requests for re-designation of sentence in both Case Nos. 09F06018 and 17FE001757 "due to ineligible convictions." (ECF No. 1 at 20, 22.)

Section 3771

Petitioner's reliance on 18 U.S.C. § 3771 is unavailing. Section 3771 affords certain rights to "crime victim[s]" in court proceedings involving an offense against those crime victims. 18 U.S.C. §§ 3771(a) - (b). A "crime victim" means "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." 18 U.S.C. § 3771(e)(2)(A). Such rights may be asserted by filing an appropriate motion in a federal district court. 18 U.S.C. § 3771(d)(3). Section 3771 requires the court, "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States" to preserve such rights for crime victims. 18 U.S.C. §§ 3771(b)(1), (c)(1). Finally, the statute is limited

> to the duties of a court in relation to the rights of a crime victim in Federal habeas corpus proceedings arising out of a State conviction, and does not give rise to any obligation or requirement applicable to personnel of any agency of the Executive Branch of the Federal Government.

18 U.S.C. § 3771(2)(C).

Here, petitioner is not a "crime victim" as defined in 18 U.S.C. § 3771, and therefore § 3771 is not applicable to his claims.

Alternative Grounds

Petitioner's reliance on other state laws or cases is also unavailing because this court is without jurisdiction to enforce state law.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by the Constitution and statute.'" Gunn v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994)). "If the court determines at any

time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Cal. Diversified Promotions, Inc. v. Musick, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction.") (footnote omitted).

Here, the petition contains no basis for federal jurisdiction. Federal habeas jurisdiction under 28 U.S.C. § 2254 lies for challenges to state court criminal judgments, but only based on "violation[s] of the Constitution or laws or treaties of the United States." Id. The instant petition contains no such alleged violation. Accordingly, this action should be dismissed for lack of jurisdiction.

The undersigned has considered whether to grant petitioner leave to file an amended petition for writ of habeas corpus under 28 U.S.C. § 2254 in this action. On August 1, 2012, petitioner filed a petition for writ of habeas corpus in the California Supreme Court in Case No. S204446, and was denied on October 31, 2012.[2] Since that date, no petition for writ of habeas corpus has been filed by petitioner in the California Supreme Court. Because state court records confirm that petitioner has not exhausted his state court remedies in connection with the 2018 conviction, the undersigned declines to grant petitioner leave to amend.[3]

Accordingly, IT IS HEREBY ORDERED that petitioner's request for leave to proceed in forma pauperis is granted.

Further, IT IS RECOMMENDED that this action be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge

---

[2] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is www.courts.ca.gov.

[3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 1, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/clar2014.156